**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL COHEN, RAY HILL, JOHN HUMMEL, MARIE HUMMEL, MICHAEL JAEGER, STEVEN LEE, and JOHN DOES 1-15, | Civil Case No. 06-3196 (PGS) |
| Plaintiffs, | |
| v. | OPINION |
| CONTINENTAL AIRLINES, AIR INDIA AIRLINES, THE PORT AUTHORITY OF NY & NJ, MARIA MIRANDA, BERNIE DARVILLE, SARAH CHISOLM, : and JOHN DOES 1-15, | |
| Defendants. | |

This matter comes before the Court on a motion to dismiss for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). For the reason stated below, the Court treats the motion as if were filed pursuant to Rule 60(b) and the Court dismisses this case. No oral argument was heard. Fed.R.Civ.P. 78.

I.

On September 2, 2005, plaintiffs instituted a law suit (Law Suit 1) by filing a seventeen count complaint in the Superior Court of New Jersey seeking damages for injuries incurred. Evidently, plaintiffs are baggage handlers for the U.S. Transportation Security Agency (TSA) at Newark International Airport. At some point, TSA entered into an agreement with Continental Airlines (Continental) and Air India Airlines. This agreement allegedly incorporated certain TSA regulations

and set weight limitations for baggage handled by the plaintiffs. The plaintiffs allege that lifting baggage in excess of the weight limits caused their injuries. In Law Suit 1, plaintiffs had retained Ronald Spevack, Esquire (Spevack). Law Suit 1 was removed to this Court on October 12, 2005 by Continental. On December 16, 2005, the court entered an order dismissing the case without prejudice and without costs, stating that the plaintiff wishes to voluntarily dismiss the complaint. On Feb. 23, 2006, plaintiff's counsel, Mr. Spevack filed a stipulation of dismissal with prejudice, dated December 16, 2005, which was signed by all parties. The dismissal reads:

> The matter in difference in the above entitled action having been amicably resolved by and between the parties, it is hereby stipulated and agreed that same be and it is dismissed without costs and with prejudice as to all defendants.

Judge Greenaway "so ordered" this dismissal with prejudice on March 13, 2006 (Final Dismissal). Subsequent to these events, the same plaintiffs retained Geofrrey D. Syme, Esq. to bring the same cause of action. Mr. Syme filed a new action in New Jersey Superior Court on May 18, 2006 (Present Case). Continental removed it to this Court on July 14, 2006. Continental now moves to dismiss the matter based on the doctrine of claim preclusion.

II.

From a procedural prospective, plaintiffs incorrectly instituted the Present Case. Instead of filing the Present Case, plaintiffs should have sought relief under Fed.R.Civ.P. 60(b) to vacate the Final Dismissal. This Rule permits a litigant to seek relief from a final judgment or Order based on a mistake, inadvertence or fraud. More specifically, the Rule reads in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence,

2

> surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Mr. Syme claims that he was aware of Law Suit 1; but he was not advised of the Final Dismissal. He filed the Present Case rather than proceeding under the applicable rule. This excuse lacks merit since the most rudimentary investigation of the Court docket prior to filing the present case would have revealed both the initial order and the Final Dismissal. As a result, the Court treats this motion as if it were brought by plaintiff pursuant to Rule 60(b). Relief pursuant to this Rule may only be granted "under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *In Re Nazi Era Cass against German Defendants Litig.*, 236 F.R.D. 231, 236 (D.N.J. 2006). *American Iron & Steel Inst. v. EPA*, 560 F.2d 589 (3d Cir. 1977); *Johnston Dev. Group, Inc. v. Carpenters Local Union No.*, 728 F. Supp. 1142, 1148 (D.N.J. 1990). This strict standard is due to the strong public policy which favors finality of judicial determinations. *Id.* at 1148.

In the Present Case, plaintiffs generally maintain that their prior attorney (Spevack) did not have the authority to execute the Final Dismissal, although they admit discussing it with him. There is no dispute among the parties that the Final Dismissal would bar the action except for Spevack's lack of authority. *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir.1972) ("[d]ismissal with

3

prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial") (*citing Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955)). 21 A Fed. Proc., L.Ed. §51:246 (2006) (a dismissal with prejudice generally constitutes a judgment on the merits for claim preclusion purposes).

To consent to the dismissal of an action, an attorney needs the express authorization of his client. *McKenna v. Pacific Rail Service,* 817 F.Supp. 498, 520 (D.N.J. 1993) *rev'd other grounds* 32 F.3d 820 (3d Cir. 1994) *aff'd* 61 F.3d 895 (3d. Cir. 1995); *Associates Discount Corporation v. Goldman*, 524 F.2d 1051, 1053 (3rd Cir.1975). The express authority can be "actual, implied, or apparent authority to consent to the judgment." *Id. Surety Insurance Company of California v. Williams*, 729 F.2d 581, 583 (8th Cir.1984).

"[A]cts by the attorneys of the court [are] valid and presumptively authorized and unless the contrary appears, its will be presumed that a stipulation was duly authorized." *Jennings v. Reed*, 381 N.J.Super, 217, 231 (App. Div. 2005); *Bernstein v. Loubet Inc., v. Minkin,* 18 N.J.L. 203, 205 (E. & A. 1937). The party asserting a lack of authority bears "a heavy burden to establish that [her] attorney acted without any kind of authority in agreeing to the entry of judgment in the trial court." *Jennings,* 381 N.J.Super. at 231. *citing McKenna*, 817 F.Supp. at 520.

Plaintiffs have failed to meet this burden. Plaintiffs assert that Spevack entered the Final Dismissal without their authority, and as such it is invalid. In support of this contention, each plaintiff provides a form affidavit. Each affidavit states that Spevack advised that he was withdrawing the complaint; however, they did not receive a copy of either the original order of dismissal or the Final Dismissal. Plaintiffs have not provided any in depth facts indicating that Spevack lacked the authority to dismiss Law Suit 1. The form affidavits provide no insight with

4

regard to Mr. Spevack's actions with regard to the order of dismissal and the Final Dismissal. Certainly, if Spevack advised each plaintiff that he was withdrawing the complaint, as plaintiffs concede, and there was no objection, there is at least implied consent. The mere existence of confusion between a client and his counsel will not automatically justify vacating the underlying judgment. *McKenna*, 817 F. Supp. at 520; *Larson v. Heritage Square Associates*, 952 F.2d 1533, 1537 (8th Cir.1992). It is probable that plaintiffs are experiencing second thoughts or feelings of remorse about their decision regarding the dismissal of Law Suit 1. This is insufficient to obtain relief under Rule 60(b). In addition, the plaintiffs have other recourse if their underlying claims, together with their claims about Spevack's conduct can be substantiated. Accordingly, motion is granted, and the matter is dismissed with prejudice.

June 11, 2007

PETER G. SHERIDAN, U.S.D.J.